UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**MIRIAHM PALOMA**,                                           :
                                                              :
              Plaintiff,                  :
                                                              :  **MEMORANDUM AND ORDER**
      – against –                              :  21-CV-6039 (AMD)(JRC)
                                                              :
**BEST CHOICE HOME HEALTHCARE INC.**,                         :
                                                              :
              Defendant.                  :
                                                              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On October 26, 2021, the plaintiff Miriahm Paloma filed this *pro se* civil action, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The plaintiff's submission includes an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, within 14 days of the entry of this Order, the plaintiff must file a Long Form application to proceed without prepayment of fees, or pay the $402 filing fee to proceed with this action.

      Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. The purpose of Section 1915 is to insure that indigent persons have equal access to the judicial system. *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted); *see also Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay such fees or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed IFP if she "cannot because of [her] poverty pay or give security for" the

costs of filing "and still be able to provide [herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Hobbs v. County of Westchester*, No. 00-CV-8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (citation and quotation marks omitted). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. NYC Dep't of Env't Prot.*, No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013).

The plaintiff's financial declaration form does not clearly show that she cannot pay the Court's filing fee to commence this action. The Short Form IFP application states that she has received income in the past 12 months from "[b]usiness, profession, or other self-employment," but does not state the amount or source of that income. (ECF No. 2 at 1.) The plaintiff does not provide any information about her assets or monthly expenses. (*Id.* at 2.) She only states that she has debts or financial obligations totaling $3,900. (*Id.*) Accordingly, I deem the declaration incomplete. The plaintiff can submit additional financial information to show that she cannot pay the filing fee.

Within 14 days of the entry of this Order, the plaintiff must file a Long Form IFP application to proceed without prepayment of fees, or pay the $402 filing fee to proceed with this action. The plaintiff must submit a separate Long Form application for each civil action. The

Clerk of Court shall send a Long Form IFP application to the plaintiff along with this Order.[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United Slates*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly<br>
ANN M. DONNELLY<br>
United States District Judge

Dated: Brooklyn, New York
       November 8, 2021

---

[1] A fillable version of the Long Form IFP application is also available at https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or.